ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 0 5 2010

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

James E. Watkins Sr., Esq.
105 Jonesboro Street
McDonough, Georgia 30253
Attorney for Plaintiffs

1
2
3

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

4

RWS

5

| | |
|---|---|
| Syretta Dickson, | § |
|     Plaintiff, | § Civil Action File Number: |
|        v. | § _____ |
| Homeowner Mortgage of America, Inc. and | § **1:10-CV-3615** |
| CitiMortgage Inc. and | § |
| All Persons Unknown, Claiming | § Plaintiffs Complaint for: |
| Any Legal Or Equitable Right, Title, Estate, | § (1) Negligence |
| Lien, Or Interest In the Property described | § (2) Fraud |
| In The Complaint Adverse To Plaintiffs | § (3) To Set Aside Property Sale |
| Title, Or Any Cloud On Plaintiffs Title | § (4) To Void/Cancel Trust Deed Upon Sale |
| Thereto; and Does 1-20, inclusive, | § (5) To Void/Cancel Assignment of Trust Deed |
|     Defendants. | § (6) Wrongful/Unlawful Foreclosure |
| | § (7) Breach of Implied Covenant of Good Faith |
| | §    and Fair Dealing |
| | § (8) Unjust Enrichment |
| | § (9) Quiet Title |
| | § (10) Slander of Title |
| | § (11) Violation of RICO Laws |
| | § (12) Violations of TILA Laws |
| | § (13) Violations of RESPA Laws |
| | § (14) Violations of HERA Laws |
| | § (15) Violations of HOEPA Laws |
| | § (16) Violations of Due Process |

6
7
8
9
10
11
12
13
14
15
16
17
18

TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD

19

HEREIN:

20
21

    PLAINTIFFS hereby allege as follows:

22

## JURISDICTION

23

    This case is under the jurisdiction of the United States District Court because the

24

defendants violated the Federal laws (subject matter jurisdiction) involved in this case, diversity

25

of citizenship and supplemental jurisdiction.

26
27
28

JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable in the above-styled case

**PARTIES**

1.      Defendant(s) Homeowner Mortgage of America, Inc at all times herein mentioned was, a Georgia Corporation, organized and existed under the laws of the State of Georgia, doing business in Henry County, Georgia and CitiMortgage Inc., a Missouri corporation organized and existed under the laws of the State of Georgia, doing business in Henry County, Georgia

2.      Defendants are All Persons Unknown, Claiming Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The Property Described In The Complaint Adverse To Plaintiffs Title, Or Any Cloud On Plaintiffs Title Thereto" are sued herein pursuant to Georgia code.

3. Plaintiffs do not know the true names and capacities of the defendants sued herein as DOES 1 through 20 ("DOE Defendants"), inclusive, and therefore sues said DOE Defendants by fictitious names.  Plaintiffs are informed and believe and based on such information and belief aver that each of the DOE Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein.  Plaintiffs will amend this Complaint to set forth the true names and capacities of each DOE Defendant when they are ascertained.

4.      Plaintiffs are informed and believe and based on such information and belief that averred Defendants and DOE Defendants 1 through 20, inclusive, and each of them, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein.  CitiMortgage Inc. and DOE Defendants 6 through 10, inclusive, are hereinafter collectively referred to as the "Foreclosing Defendants."

5.      Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## GENERAL ALLEGATIONS

6.      On or about _____ Plaintiffs agreed to buy and defendants entered an agreement for the sale and loans of property at 2158 Autumn Chase Drive, Stockbridge, Ga. 30281.

7.      The Plaintiffs have never refinanced the property with any other agency or financial institution.

8.      Homeowners Mortgage Inc. financed the FHA loan of $542,965.54 @ 9.586% (fixed) for 30 years and the loan closed on September 26, 2005.

9.      The promissory note was securitized without disclosure to the Plaintiffs, which may cause lack of standing to execute the terms of the mortgage attached to the property located at 2158 Autumn Chase Drive, Stockbridge, Ga. 30281.

10. Plaintiffs made each payment due on the new loan.

11.     On or about CitiMortgage Corp. Inc. , allegedly acquired the servicing rights to Plaintiffs loan from Homeowner Mortgage of America, Inc. Inc.  Plaintiffs continued to make their payments, but now remitted them to CitiMortgage Corp. Inc.  until June 2010

12.     On or about June 2010, Plaintiffs ceased to make their regular monthly mortgage payment on the loan to CitiMortgage Inc..

13.     Defendant foreclosed November 2, 2010. CitiMortgage Inc.. are not the owners of this property or the mortgage or note.

14.     On or about the _____26th day of September 2005, Plaintiffs filed a promissory

note in the amount of Five hundred forty two thousand nine hundred sixty five dollars and fifty four cents ($542,965.54) and Notice of Sale Under Power in Deed to Secure Debt with the proper agency Homeowner Mortgage of America, Inc. that was accepted and processed.

15.     The security deed in this action has been converted into a security and placed in a mortgage pool. 2158 Autumn Chase Drive, Stockbridge, Ga. 30281 has no standing in this action.

16.     Based upon information and belief, on or around February 2010, prior to the foreclosure of the Subject Property but after the recording of the Notice of Default, 2158 Autumn Chase Drive, Stockbridge, Ga. 30281 (acting as beneficiary) assigned the SECURITY DEED to an unknown entity.  The Assignment by Homeowner Mortgage of America, Inc. was improper because 2158 Autumn Chase Drive, Stockbridge, Ga. 30281 never had a beneficial interest in the Subject Property and was merely a "nominee" under the Deed of Trust.  Therefore, the Assignment was invalid and void.

17.     Based upon information and belief, there was no assignment of the Note with the SECURITY DEED, none of the Foreclosing Defendants are the holder of the Note in due course, and none of the Foreclosing Defendants were assigned the Note by Quality.  Accordingly, none of the Foreclosing Defendants were ever entitled to enforce the Note.

18.     Based upon information and belief, on or about November 2, 2010, notwithstanding the fact that it was not the trustee under the SECURITY DEED and it did not have any authority from the beneficiary under the Deed of Trust, Homeowner Mortgage of America, Inc. and/or CitiMortgage Corp. Inc. went forward with the public auction which resulted in CitiMortgage Inc.., being granted and conveyed the Subject Property by 2158 Autumn Chase Drive, Stockbridge, Ga. 30281allegedly acting as the duly appointed Trustee under the Deed of Trust.

19.     Based upon information and belief, the Trustee's Sale was also invalid because it took place without anyone ever presenting the original note, or original and valid assignments of the note, to CitiMortgage Inc.. The failure to do so resulted in an invalid foreclosure sale.

20.     Based upon information and belief, at no time did 2158 Autumn Chase Drive, Stockbridge, Ga. 30281 know, in fact, who the actual beneficiary of the SECURITY DEED was. Further, Plaintiffs are informed and belief that the actual beneficiary of the SECURITY DEED NEVER provided a declaration to CitiMortgage Inc.. stating that Plaintiffs were in default under the terms of the SECURITY DEED and, accordingly, the recording of the Notice of Default and any subsequent documents relating to a non-judicial foreclosure were recorded in violation of Georgia Civil Code.

21.     Plaintiffs never received a courtesy copy of a Notice of Foreclosure from the Court that the Foreclosing Defendants had foreclosed on the Subject Property.

# I

## NEGLIGENCE

22.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23.     At all times relevant herein, the Foreclosing Defendants, acting as Plaintiffs lender and loan servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited, accurate crediting of payments made by Plaintiffs.

24.     In taking the actions alleged above, and in failing to take the actions as alleged above, the Foreclosing Defendants breached their duty of care and skill to Plaintiffs in the servicing of

Plaintiffs loan by, among other things, failing to properly and accurately credit payments made by Plaintiffs toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so.

25.     As a direct and proximate result of the negligence and carelessness of the Foreclosing Defendants as set forth above, Plaintiffs suffered general and special damages in an amount to be determined at trial.

II

FRAUD

26.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 25, inclusive, as though fully set forth herein.

27.     The Foreclosing Defendants engaged in a pattern and practice of defrauding Plaintiffs in that, during the life of the mortgage loan, the Foreclosing Defendants failed to properly credit payments made and foreclosed on the Subject Property based on Plaintiffs alleged non-payment which they knew to be false.

28.     The Foreclosing Defendants had actual knowledge that the Plaintiffs account was not accurate but that the Foreclosing Defendants could use the inaccuracy to foreclose on the Subject Property which had substantial equity, to recover its excessive fees, charges and interest. Plaintiffs made such payments and provided proof of the payments based on the improper, inaccurate, and fraudulent representations as to their account. The Foreclosing Defendants also utilized amounts known to the Defendants to be inaccurate to determine the amount allegedly due and owing for purposes of foreclosure.

29.     Additionally, the Foreclosing Defendants concealed material facts known to them but not to Plaintiffs regarding payments, notices, assignments, transfers, late fees and charges with the

intent to defraud Plaintiffs.

30.     The Foreclosing Defendants made the above-referenced false representations, concealments and non-disclosures with knowledge of the misrepresentations, intending to induce Plaintiffs ' reliance, which the unsuspecting Plaintiffs justifiably relied upon, resulting in damage to their credit standing, costs and loss of their property.  Plaintiffs were unaware of the true facts. Had Plaintiffs known the true facts, Plaintiffs, among other things, would not have maintained the Foreclosing Defendants as their lender, servicer and trustee (and their alleged agents) and/or would have taken legal action immediately to save their house.

31.     As a result of the Foreclosing Defendants' fraudulent conduct, Plaintiffs have suffered compensatory, general and special damages in an amount to proof.  Additionally, the Foreclosing Defendants acted with malice, fraud and/or oppression and, thus, Plaintiffs is entitled to an award of punitive damages.

### III

### CANCELLATION OF A VOIDABLE CONTRACT

### UNDER REV TAX CODE §§ 23304.1, 23305A

32.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33.     CitiMortgage Corp. Inc. operates as a record-keeping database company in which Homeowner Mortgage of America, Inc. contracts with lenders to track security instruments in return for an annual fee.

34.     Based upon information and belief, CitiMortgage Corp. Inc and Homeowners Mortgage Inc. were at all times herein operating in the State of Georgia without registering as a foreign corporation to avoid paying taxes to the state.

35.    As a result of CitiMortgage Corp. Inc and Georgia Mortgage Loan's failure to comply with the Georgia franchise tax laws, the SECURITY DEED alleged herein is voidable by Plaintiffs pursuant to Rev & Tax Code §§ 23304.1, 23304.1(b), and 23305a.

36.    Moreover, CitiMortgage Corp. Inc and Homeowners Mortgage Inc.are not in the business of creating evidences, and not a foreign lending institution.  It does not originate loans, never had any true interest in the subject loan or Deed of Trust, and thereby does not meet any legal exceptions to the registration requirement for foreign corporations.

37.    CitiMortgage Corp. Inc and Homeowners Mortgage Inc. conducted business in Georgia when they were not registered with the Secretary of State.  Specifically, it prepared and/or executed a Substitution of Trustee and Assignment of SECURITY DEED in April and _____May 2009.  The substitution allowed the new Trustee, CitiMortgage Corp. Inc and Homeowners Mortgage Inc. to record a Notice of Default on the Subject Property.

38.    At all relevant times herein, CitiMortgage Corp. Inc and Homeowners Mortgage Inc. were not registered in Georgia and could not prepare or execute the Assignment of Deed of Trust. CitiMortgage Corp. Inc and Homeowners Mortgage Inc. had no legal authority to take such action.  Deed s of Trust is contractual in nature.  A contract made by a corporation doing business in Georgia while that corporation has failed to perform its franchise tax obligations is voidable at the option of any party to the contract, other than the [delinquent] taxpayer.  Thus, CitiMortgage Corp. Inc and Homeowners Mortgage Inc. did not have the legal capacity to enter into a contract with Plaintiffs or anyone else, and Plaintiffs have the option of voiding the contract. Therefore, any action that CitiMortgage Corp. Inc and Homeowners Mortgage Inc. took with regard to assigning the within SECURITY DEED and substituting the trustee would be ultra vires and void.

39.     Plaintiffs hereby expressly requests adjudication to the effect that the assignment of the SECURITY DEED and substitution of trustee by CitiMortgage Corp. Inc and Homeowners Mortgage Inc. are void.

IV

**TO SET ASIDE TRUSTEE'S SALE**

40.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.     The Foreclosing Defendants never had the legal authority to foreclose, i.e., the authority to exercise the power of sale as an assignee of the Note and Deed of Trust, because the Foreclosing Defendants' interest was never acknowledged and recorded in violation of Civil Code, resulting in the non-judicial foreclosure sale being void ab initio.

42.     Moreover, the Foreclosing Defendants never had the legal authority to foreclose because the instrument (SECURITY DEED), which permitted foreclosure if the borrower was in default, is void as it was improperly assigned and/or transferred to the Foreclosing Defendants from the original lender.  Therefore, the SECURITY DEED could not provide a basis for a foreclosure, and the non-judicial foreclosure is void ab initio.

43.     Accordingly, Plaintiffs hereby request an order of this Court that the Trustee's Sale was irregular in that it was legally void and conducted without any right or privilege by the Foreclosing Defendants.

V

**TO VOID OR CANCEL SECURITY DEED UPON SALE**

44.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 43, inclusive, as though fully set forth herein.

45.     Although the SECURITY DEED upon sale appears valid on its face, it is invalid, and of no force and effect, for the reasons set forth above including, inter alia, the fact the SECURITY DEED which purportedly secured the Note, which served as the basis for a claim to have the right to conduct a non-judicial foreclosure was at all times void due to the wrongful and improper assignment to the Foreclosing Defendants.

46.     Plaintiffs are therefore entitled to an order that the SECURITY DEED upon sale is void ab initio and cancelling such SECURITY DEED.

## VI

## TO VOID OR CANCEL ASSIGNMENT OF SECURITY DEED

47.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 46, inclusive, as though fully set forth herein.

48.     The assignment of the SECURITY DEED is invalid, and of no force and effect, for the reasons set forth above including, inter alia, the fact CitiMortgage Corp. Inc and Homeowners Mortgage Inc.did not have standing or the legal authority to assign the SECURITY DEED which purportedly secured the Note, and which served as the basis for a claim to have the right to conduct a non-judicial foreclosure.  Thus, the assignment of the SECURITY DEED was at all times void.

49.     Plaintiffs are therefore entitled to an order that the Assignment of the SECURITY DEED is void ab initio and cancelling such Assignment.

## VII

## WRONGFUL/UNLAWFUL FORECLOSURE

50.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 49, inclusive, as though fully set forth herein.

51.     Plaintiffs are informed and believe and thereon allege that after the origination and funding of their loan, it was sold to investors as a "Mortgage backed security" and that none of the Foreclosing Defendants in this action owned this loan, or the corresponding note. Moreover, none of the Foreclosing Defendants in this action were lawfully appointed as trustee or had the original note assigned to them. Accordingly, none of the Foreclosing Defendants in this action had the right to declare default, cause notices of default to be issued or recorded, or foreclose on Plaintiffs interest in the Subject Property. The Foreclosing Defendants were not the note holder or a beneficiary at any time with regard to Plaintiffs loan.

52.     Plaintiffs further alleges on information and belief that none of the Foreclosing Defendants in this action are beneficiaries or representatives of the beneficiary and, if the Foreclosing Defendants allege otherwise, they do not have the original note to prove that they are in fact the party authorized to conduct the foreclosure.

53.     Plaintiffs further allege on information and belief that the loan was sold or transferred without notifying the Plaintiffs in writing. Therefore, the loan is void of legal rights to enforce it.

54.     Additionally, The Foreclosing Defendants violated Georgia Civil Code which requires a "Mortgagee, beneficiary or authorized agent" to "contact the borrower or person by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure and requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent", including attempt "with due diligence to contact the borrower as required by this section."

55.     None of the Foreclosing Defendants contacted Plaintiffs to discuss their financial situation. Moreover, none of the Foreclosing Defendants explored options with Plaintiffs to avoid foreclosure. Additionally, none of the Foreclosing Defendants informed Plaintiffs of the

right to have a meeting within 14 days of said contact.  Accordingly, the Foreclosing Defendants did not fulfill their legal obligation to Plaintiffs.

56.     Thus, the Foreclosing Defendants engaged in a fraudulent foreclosure of the Subject Property in that the Foreclosing Defendants did not have the legal authority to foreclose on the Subject Property and, alternatively, if they had the legal authority, they failed to comply with Georgia Civil Code.

57.     As a result of the above-alleged wrongs, Plaintiffs has suffered general and special damages in an amount to be determined at trial.

## VIII

## BREACH OF CONTRACT

58.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 57, inclusive, as though fully set forth herein.

59.     Plaintiffs original loan agreement set forth dates by which monthly principal and interest payments were due, and when late fees and other charges could be assessed.

60.     Alternatively, if the original note and SECURITY DEED was properly assigned to Defendants, Defendants breached the note and SECURITY DEED signed by Plaintiffs in September 2005.  The terms of the note required payments made by Plaintiffs to be applied properly to the note.

61.     The Foreclosing Defendants breached the note and SECURITY DEED by failing to apply the payments made by Plaintiffs in August and September 2008 to Plaintiffs loan, the result of which led to the Foreclosing Defendants eventually foreclosing on the Subject Property.

62.     As a proximate result of Defendants' breaches, Plaintiffs has suffered compensatory damages in an amount to be proven at trial.

## IX

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

63.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 62, inclusive, as though fully set forth herein.

64.     Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.  This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement.  The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose.  This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

65.     Alternatively, if the note and SECURITY DEED was validly and properly assigned to the Foreclosing Defendants, the Foreclosing Defendants did not act in good faith and did not deal fairly with Plaintiffs in connection with the note and SECURITY DEED when they refused to properly REFUSED TO ACCEPT THE PLAINTIFFS PROMISSORY NOTE AND UCC FINANCING STATEMENTS to their loan and thereafter foreclosed on the Subject Property even though Plaintiffs provided proof of payments for the allegedly skipped months and thereafter refused to resolve the mistake with Plaintiffs  in an equitable fashion.

66.     The Foreclosing Defendants enjoyed substantial discretionary power affecting the rights of Plaintiffs during the events alleged in this Complaint.  They were required to exercise such power in good faith.

67.     The Foreclosing Defendants engaged in such conduct to drive Plaintiffs into foreclosure so that they could acquire the Subject Property with its large equity at a bargain basement price.

These actions were a bad faith breach of the contract between Plaintiffs and the Foreclosing Defendants, which show that they had no intention of performing the contract, consisting of the original note and deed of trust, in good faith.

68.     CitiMortgage Corp. Inc and Homeowners Mortgage Inc. willfully breached their implied covenant of good faith and fair dealing with Plaintiffs when CitiMortgage Corp. Inc and Homeowners Mortgage Inc. allowed their alleged agent to execute the Assignment of the SECURITY DEED in order to appoint a new Trustee to begin foreclosure on the Subject Property.

69.     As a result of the Foreclosing Defendants' breaches of this covenant, Plaintiffs have suffered general and special damages in an amount to be determined at trial.

## X

## UNJUST ENRICHMENT

70.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 69, inclusive, as though fully set forth herein.

71.     By their wrongful acts and omissions, the Foreclosing Defendants have been unjustly enriched at the expense of Plaintiffs, and thus Plaintiffs has been unjustly deprived.

72.     By reason of the foregoing, Plaintiffs seeks restitution from the Foreclosing Defendants, and an order of this Court disgorging all profits, benefits, and other compensation obtained by the Foreclosing Defendants from their wrongful conduct.

## XI

## QUIET TITLE

## (AS TO DEFENDANTS CITIMORTGAGE CORP. INC AND HOMEOWNERS

## MORTGAGE INC. AND ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR

**EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY**

**DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS TITLE, OR ANY**

**CLOUD ON PLAINTIFFS TITLE THERETO; AND DOES 1 THROUGH 20)**

73.      Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 72, inclusive, as though fully set forth herein.

74.      Plaintiffs are the equitable owners of the Subject Property, which has the following legal description:

75.      Plaintiffs seek to quiet title against the claims of CitiMortgage Corp. Inc and Homeowners Mortgage Inc. and ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR QUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS TITLE, OR ANY CLOUD ON PLAINTIFFS TITLE THERETO; and DOES 1 through 20 (collectively referred to herein as the "Title Defendants") as the Title Defendants hold themselves out as entitled to fee simple ownership of the Subject Property by and through their purchase of the property at the trustee's sale held on or about November 2, 2010.  In fact, the Title Defendants had no right to title or interest in the Subject Property and no right to entertain any rights of ownership including the right to foreclosure, offering the Subject Property for sale at a trustee's sale, demanding possession or filing cases for unlawful detainer.  Nevertheless, the Title Defendants proceeded with a non-judicial foreclosure sale, through CitiMortgage Corp. Inc and Homeowners Mortgage Inc. as alleged trustee, illegally and with unclean hands.  Plaintiffs are willing to tender the amount received subject to equitable adjustment for the damage caused to Plaintiffs by the Title Defendants' activities.

76.     Defendants foreclosed on the Subject Property.  At the time that CitiMortgage Corp. Inc and Homeowners Mortgage Inc. signed the Notice of Default, Defendants had not been substituted as the trustee in place of T.D. Service Company.  As the Notice of Default must be signed by the trustee, either original or substituted, and the beneficiary or trustee, either original or substituted, must comply with Georgia Civil Code, the trustee's sale is void defendant was not the trustee at the time the Notice of Default was signed in compliance with The Georgia Civil Code.  Thus, the trustee and beneficiary failed to follow the statutory rules for a valid foreclosure under the Georgia Civil Code and it is, therefore, void.

77      Additionally, the trustee's sale is void because neither CitiMortgage Corp. Inc and Homeowners Mortgage Inc. nor any of the Foreclosing Defendants complied with the requirements of the Civil Code.

78.     Plaintiffs seeks a judicial declaration that the title to the Subject Property be vested in Plaintiffs alone and the Title Defendants and each of them be declared to have no interest estate, right, title or interest in the subject property and that the Title Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs rights.

**XII**

**SLANDER OF TITLE**

79.     Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 78, inclusive, as though fully set forth herein.

80.     Pursuant to, among others, OCGA § 44-14-610,only the beneficiary of a SECURITY DEED or a beneficiary's assignee or the agent of a beneficiary or its assignee may cause to be recorded against real property either a Notice of Default or a Notice of Trustee's Sale.

OCGA § 44-14-610,No action, whether seeking legal or
equitable relief or both, as to real property in this state shall
operate as a lis pendens as to any such *real property involved*
therein until there shall have been filed in the office of the clerk
of the superior court of the county where the real property is
located and shall have been recorded by the clerk in a book to
be kept by him for the purpose a notice of the institution of the
action containing the names of the parties, the time of the
institution of the action, the name of the court in which it is
pending, a description of the *real property involved,* and a
statement of the relief sought regarding the property.

81.     CitiMortgage Corp. Inc and Georgia Mortgage Loan. purportedly but falsely acting as

either the trustee or the agent of the beneficiary of the SECURITY DEED or the agent

CitiMortgage Corp. Inc and Homeowners Mortgage Inc.wrongfully and without privilege,

caused a Notice of Default to be recorded against the Subject Property.

82.     Later  CitiMortgage Corp. Inc and Homeowners Mortgage Inc.again purportedly but

falsely acting as either the trustee or the agent of the beneficiary of the SECURITY DEED or the

agent of CitiMortgage Corp. Inc and Homeowners Mortgage Inc.wrongfully and without

privilege, caused a Notice of Trustee's Sale to be recorded against the Subject Property.

83.     Finally, CitiMortgage Corp. Inc and Homeowners Mortgage Inc.again purportedly but

falsely acting as either the trustee or the agent of the beneficiary of the SECURITY DEED or the

agent of CitiMortgage Corp. Inc and Homeowners Mortgage Inc.wrongfully and without

privilege, caused a SECURITY DEED  Upon Sale to be recorded against the Subject Property.

84.     None of the Foreclosing Defendants, whether jointly or severally, were ever a trustee,

beneficiary or assignee of any beneficiary of any SECURITY DEED recorded against the

Subject Property.  Accordingly, they wrongfully caused the recording of the Notice of Default,

Notice of Trustee's Sale and SECURITY DEED Upon Sale against the Subject Property.

85.     CitiMortgage Corp. Inc and Georgia Mortgage Loan. wrongfully and without privilege,

has published matters or caused matters to be published that they are the current owners of the

Subject Property which is untrue and disparaging to Plaintiffs interest in the Subject Property.

86.     By doing the acts described above, the Foreclosing Defendants have slandered Plaintiffs title to the Subject Property.

87.     In that the conduct and acts of the Foreclosing Defendants violated, among others, Georgia Civil Code), such conduct and acts were not privileged.

88.     The conduct of the Foreclosing Defendants caused Plaintiffs to suffer general and special damages in an amount to be proven at trial.

## XIII

## CIVIL RICO

89.     At all relevant times, Defendants, and coconspirators were "persons" within the meaning of RICO, 18 U.S.C. §§ 1961(3), 962(c) and O.C.G.A § 16-14-4.

90.     In addition, Defendants and other coconspirators formed an association-in-fact for the purpose of defrauding innocent and unsuspecting Borrowers in the State of Georgia.  This association-in-fact was an "enterprise" within the meaning of RICO, 18 U.S.C § 1961(4) and O.C.G.A § 16-14-4.

91.     At all relevant times, this securitization mortgage pool enterprise was engaged in, and its activities affected, interstate and foreign commerce, within the meaning of RICO, 18 U.S.C. § 1962(c) and O.C.G.A § 16-14-4.

92.     At all relevant times, Defendants CitiMortgage Corp. Inc and Homeowners Mortgage Inc. and other coconspirators associated with this enterprise conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(5), in violation of RICO, 18 U.S.C. § 1962(c) and O.C.G.A § 16-14-4.

93.    Specifically, at all relevant times, Defendants and other coconspirators engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961(1) and O.C.G.A § 16-14-4. by engaging in the acts set forth above.

94.    The acts set forth above constitute a violation of one or more of the following statutes: 18 U.S.C. § 1341 (mail fraud); 18 U.S.C. § 1343 (wire fraud); section 1344 (relating to financial institution fraud); section 1951 (relating to interference with commerce, robbery, or extortion); section 1956 (relating to the laundering of monetary instruments); section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity); Defendants CitiMortgage Corp. Inc and Homeowners Mortgage Inc. and other coconspirators each committed and/or aided and abetted the commission of two or more of these acts of racketeering activity. The acts of racketeering activity referred to in the previous paragraph constituted a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5). The acts alleged were related to each other by virtue of common participants, a common victim (the Plaintiffs), a common method of commission, and the common purpose and common result of defrauding the Plaintiffs of thousands of dollars and enriching the conspirators and coconspirators at the Plaintiffs' expense while concealing the coconspirators' fraudulent activities.

95.    The fraudulent scheme continued over several years and threatens to continue despite the institution of this action. As a result of Defendants and the other conspirators and coconspirators' violation of 18 U.S.C. § 1962(c), the Plaintiffs have lost nearly all their savings as a result of the racketeering activities conducted in the fraudulent scheme and as part of the prohibited activities herein alleged.

96.    As a result of their misconduct, Defendants are liable to the Plaintiffs for their losses in

1  an amount to be determined at trial.  Pursuant to RICO, 18 U.S.C. § 1964(c), the Plaintiffs are

2  entitled to recover treble damages plus costs and attorneys' fees from Defendants.

3  97.      Defendant committed RICO pursuant to O.C.G.A. § 16-14-3 (8) and O.C.G.A § 16-14-4.

4  regarding the predicate acts of securitizing notes thereby modifying the instrument which is at

5  the basis of the claim of racketeering activity as defined in the above mentioned code section.

6  Defendant conducted this activity with Plaintiff's note and the notes of others similarly situated

7  regarding lenders, schemes or transactions that have similar intents, results accomplices and

8  victims.  In addition Defendants have committed Civil Rico pursuant to Georgia Law (*See*

9  *Preliminary Forensic Audit Summary Exhibit "A."*):

10

11          According to the Official Code of Georgia Annotated a pattern of racketeering
            activity means, "Engaging in at least two acts of racketeering activity in
12          furtherance of one or more incidents, schemes, or transactions that have the same
            or similar intents, results, accomplices, victims, or methods of commission or
13          otherwise are interrelated by distinguishing characteristics and are not isolated
            incidents, provided at least one of such acts occurred after July 1, 1980, and that
14          the last of such acts occurred within four years, excluding any periods of
            imprisonment, after the commission of a prior act of racketeering activity"
15          O.C.G.A. § 16-14-3 (8)

16

17                                           **XIV**

18                                   **RICO CONSPIRACY**

19

20  98.      Plaintiffs reallege and incorporate by reference all paragraphs above, as though fully set

21  forth in this cause of action.

22  99.      At all relevant times, the Plaintiffs were "persons" within the meaning of RICO,18 U.S.C.

23  §§ 1961(3) and 1964(c).

24  100.     At all relevant times, Defendants and other coconspirators was each a "person" within the

25  meaning of RICO, 18 U.S.C. §§ 1961(3) and 1962(d).

26

27  101.     At all relevant times, Defendants and other coconspirators formed an association-in-fact

28

for the purpose of defrauding the Plaintiffs and the class members. This association-in-fact was an "enterprise" within the meaning of RICO, 18 U.S.C. § 1961(4).

102.    At all relevant times, this enterprise was engaged in, and its activities affected, interstate and foreign commerce, within the meaning of RICO, 18 U.S.C. § 1962(c).

103.    As set forth in Count One, Defendants CitiMortgage Corp. Inc and Homeowners Mortgage Inc.and other coconspirators associated with this enterprise conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(5), in violation of RICO, 18 U.S.C. § 1962(c).

104.    At all relevant times, Defendants and other coconspirators each were associated with the enterprise and agreed and conspired to violate 18 U.S.C. § 1962(c), that is, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d).

105.    Defendants CitiMortgage Corp. Inc and Homeowners Mortgage Inc.and and other coconspirators committed and caused to be committed a series of overt acts in furtherance of the Conspiracy and to affect the objects thereof, including but not limited to the acts set forth above.

106.    As a result of Defendants CitiMortgage Corp. Inc and Homeowners Mortgage Inc.and other coconspirators' violations of 18 U.S.C. § 1962(d), the Plaintiffs and the class members they represent have lost millions of dollars in the fraudulent schemes Defendants created, organized, serviced, and continue to operate and run.

107.    As a result of the Conspiracy, Defendants are liable to the Plaintiffs for their losses in an amount to be determined at trial.

108.    Pursuant to RICO, 18 U.S.C. § 1964(c), the Plaintiffs and the class members they

1    represent are entitled to recover threefold their damages plus costs and attorneys' fees from

2    Defendants.

3                                                XV

4                                    RICO EXTORTION

5           Plaintiffs reallege and incorporate by reference all paragraphs above, as though fully set

6    forth in this cause of action.

7    109.    At all relevant times, the Plaintiffs were "persons" within the meaning of RICO, 18

8
9    U.S.C. §§ 1961(3) and 1964(c).

10   110.    At all relevant times, 2158 Autumn Chase Drive, Stockbridge, Ga. 30281 and other

11   coconspirators was each a "person" within the meaning of RICO, 18 U.S.C. §§ 1961(3) and

12   1962(d).

13   111.    At all relevant times, Defendants and other coconspirators formed an association-in-fact
14
     for the purpose of defrauding the Plaintiffs and the class members. This association-in-fact was
15
     an "enterprise" within the meaning of RICO, 18 U.S.C. § 1961(4).
16
17   112.    At all relevant times, this enterprise was engaged in, and its activities affected, interstate

18   and foreign commerce, within the meaning of RICO, 18 U.S.C. § 1962(c).

19   113.    Defendants and other coconspirators associated with this enterprise conducted or

20   participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of

21   racketeering activity" within the meaning of RICO, 18 U.S.C. § 1961(5), in violation of RICO,

22   18 U.S.C. § 1962(c).
23
24   114.    At all relevant times, Defendants and other coconspirators each were associated with the

25   enterprise and agreed and conspired to violate 18 U.S.C. § 1962(c), that is, agreed to conduct and

26   participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern

27

28

of racketeering activity, in violation of 18 U.S.C. § 1962(d).

115.    Defendants and other coconspirators committed and caused to be committed a series of overt acts in furtherance of the Conspiracy and to affect the objects thereof, including but not limited to the acts set forth above and including repeated threats of foreclosure in an effort to deprive Plaintiffs of their legal and beneficial interest in their homes if they did not pay the unlawful loans that Defendants created for Plaintiffs.

116.    As a result of Defendants and other coconspirators' violations of 18 U.S.C. § 1962(b)(c), the Plaintiffs and the class members they represent have lost millions of dollars in the fraudulent schemes Defendants created, organized, serviced, and continue to operate and run.  The threat of imminent foreclosure is but one of the unlawful activities that Defendants engage in through a pattern of racketeering activity and the collection of unlawful debts.

117.    As a result of the Defendants actions and associations with an enterprise engaged in interstate and foreign commerce, Defendants are liable to the Plaintiffs for their losses in an amount to be determined at trial.

118.    Pursuant to RICO, 18 U.S.C. § 1964(c), the Plaintiffs and the class members they represent are entitled to recover threefold their damages plus costs and attorneys' fees from Defendants.

119.    Defendant false advertised that they were loaning money to Plaintiff, when in fact they were using a massive securities scheme to counterfeit promissory notes into securities to sell to undisclosed investors.  Defendants used the US Mail to deceive Plaintiff into signing a contact of monthly payments which they believed they could afford.  However, Defendants in concert neglected to give Plaintiff notice that within a short time frame, Plaintiff's monthly payments would increase based on fraudulent activities initiated with fraud within Plaintiff's closing

documents.

120.     In order to perpetrate this fraud, a conspiracy of enterprises, inclusive but not limited to the appraiser that stripped the property of equity, a nominal lender (broker) and actual lender, hypothecator of the promissory note, underwriter, loan officer and other businesses such as Trinity Park Mortgage, all enriched  themselves from the inflated loan amount and interest, while the congregation impoverished by accepting a loan with excessive fees and costs ultimately triggering the foreclosure expected by Defendants.

## XVI

## COMMON LAW FRAUD (CONCEALMENT)

121.     Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set forth in this cause of action.

122.     Pursuant to RESPA, TILA, and the common law, Defendants and other coconspirators had a duty to properly disclose to Plaintiff that they had entered into an agreement whereby illegal and improper "kickbacks" or "referral fees" were to be paid and split between Defendants and other coconspirators had a duty to properly disclose the other material facts set forth above and required to be disclosed by RESPA and TILA.  The Defendants' agreement to pay, the actual payment of these fees, and the other facts set forth above, were material facts.

123.     The Defendants failed and/or refused to properly disclose these material facts to the Plaintiff in spite of, and in violation of, their statutory and common law duties to do so.

124.     The concealment and obfuscation of the agreement, the actual payment of these fees and the other material facts was undertaken by the Defendants to deceive Plaintiff's and the other class members, and to keep them from "asking questions" concerning the rates at which the money was lent to them, in order to maximize the Defendants' benefit from the transactions.  The

1   Defendants' actions were therefore taken with actual malice.

2   125.    Plaintiffs and the other class members reasonably relied upon the concealment by

3   following through with the transactions, and not questioning the same.

4   126.    As a direct result of the Defendants' fraudulent concealment, Plaintiff's and other class

5   members have suffered considerable damages.

6                                             **XVII**

7                                   **CONSTRUCTIVE FRAUD**

8

9   127.    Plaintiff realleges and incorporates by reference all paragraphs above, as though

10  fully set forth in this cause of action.

11  128.    Plaintiff alleges TILA violations only in order to demonstrate the constructive fraud of

12  Defendants without waiving their constructive fraud claims.  Plaintiff is also aware that TILA

13  claims are waived as it applies to commercial loans pursuant to 15 U.S.C. § 1602(h); American

14  Exp. Co. v. Koerner, 452 U.S. 233, 242-243 (1981); and only extends to consumer credit

15

16  transactions pursuant to 15 U.S.C. § 1603; K/O Ranch, Inc. by Olson v. Northwest Bank of

17  Black Hills, 748 F.2d 1246, 1248 (8th Cir. 1984.  But notice of the TILA infraction is required in

18  order to demonstrate Plaintiff's Constructive Fraud Claim.

19                                            **XVIII**

20                          **COMMON LAW FRAUD (INDUCEMENT)**

21  129.    Plaintiff realleges and incorporates by reference all paragraphs above, as though fully set

22  forth in this cause of action.

23

24  130.    Defendants and other coconspirators expressly or impliedly represented to Plaintiff that it

25  would secure for them the most affordable loan available to them by accurately accounting for

26  their monthly and yearly income.  The requirements for Common Law Fraud are:

27

28

a. a false statement of material fact ;

b. the party making it knew or believes it to be untrue;

c. the party to whom the statement was made had a right to rely on the statement;

d. the party to whom the statement was made did rely on the statement;

e. the statement was made for the purpose of inducing the other party to act; and

f. the reliance by the person to whom the statement was made led to that party's injury.

131.    Defendants and other coconspirators meet each and every one of these common law fraud elements.  Specifically, a) they made several false statements of material fact by failing to provide an accurate Good Faith Estimate, falsely completing the Federal Loan Application as to monthly salaries actually earned by Plaintiff, and falsely indicating that they procured an affordable loan on Defendant's behalf; b) Defendant's knew their assertions were NOT true; c) Plaintiff's, as interested borrowers, had a right to rely on the statement; d) Plaintiff's did rely on the statement; e) Plaintiff's were induced to act on the false statements of material fact made by Defendant; and f) Plaintiffs have been materially, substantially, and irrevocably injured by the misrepresentations of Defendant.

132.    By providing incentives for and regularly and knowingly accepting the "fruits of the fraud", Defendant directly participated in the fraudulent scheme.  Further, by first originating the low interest teaser loans and not properly disclosing the negative amortization nature of those loans, Defendants instead created the false impression that Borrowers were given the most affordable loan for their circumstances, when in reality they obtained for Plaintiff loans that they could not ultimately afford.  In fact, Defendant intended to obtain for Plaintiff a higher rate than was available from the lender simply so that Defendant could earn for itself a higher "kickback", "referral fee" or yield spread premium at the expense of Plaintiff.

## XX

### RESPA VIOLATIONS

140.    Plaintiffs reallege and incorporate by reference all paragraphs above, as though fully set forth in this cause of action.

141.    RESPA generally prohibits the payment of "kickbacks" or "referral fees" to any person in connection with a federally related mortgage loan.

142.    Plaintiff's loan was a federally related mortgage loan.  The payment of the so-called "yield spread premiums" constituted a prohibited "kickback" or "referral fee," and violated RESPA even if the same were properly disclosed, which they were not.

143.    As a direct result of the Defendants' violations of RESPA, the Plaintiff has suffered, and will continue to suffer, considerable damages.

144.    Defendants and other coconspirators' acquisition of the subject loans was not a *bona fide* secondary market purchase, but rather was designed to give the impression of a secondary market purchase while operating as the functional equivalent of "table funding."  As such, Defendants and other coconspirators are liable to the same extent under RESPA.  12 U.S.C. § 2607(d)(2) provides that Plaintiff and the other class members may recover as civil damages three times the amount of the unlawful charges or payments as referenced above.  In addition, 12 U.S.C. § 2607(d)(5) permits Plaintiff to recover their litigation costs and attorneys' fees occasioned by the Defendants' violations of RESPA.

### XXI

### FRAUD IN THE FACTUM

145.    In tracing the documents regarding Plaintiff's loan, no disclosure was provided regarding the Creditor's true identity or the method in which the creditor obtains the proceeds of

Defendants.

j. For civil penalties pursuant to statute, restitution, injunctive relief and reasonable attorneys

fees according to proof.

k. Allow recession of contract based on fraud;

l. Reconsider the case by sitting a jury and certify the claims in this action;

m. Award actual damages to be established at trial pursuant to 15 U.S.C. § 1640(a)(1);

n. Award statutory damages in the amount of twice the finance charge;

o. Award plaintiffs costs and reasonable attorneys fees;

p. Award compensatory damages in the property amount;

q. Issue a Declaratory Injunction estopping any foreclosure activity currently underway in any

Negative Amortization loan that is the subject of this action;

r. Quiet Title on property in Plaintiffs';

s. Award such other actual damages, punitive damages, and other equitable relief as the court

deems appropriate.


Respectfully submitted this the __4__ day of __Nov_____ 2010.


**JAMES E. WATKINS & ASSOCIATES**
_____
James E. Watkins Sr
Attorney for Plaintiff
Georgia Bar Number 143066

105 Jonesboro Street
McDonough, Georgia 30253
(678) 583-8551 Office
(678) 658-9553 Facsimile

1  **STATE OF GEORGIA**
2  **COUNTY OF DEKALB**

3                               **VERIFICATION**

4        PERSONALLY APPEARED before me, the undersigned officer duly authorized to

5  administer oaths, Syretta Dickson  who, after first being duly sworn, states on oath that the

6  information contained in the within and foregoing *Plaintiff Complaint for (1) Negligence, (2)*

7  *Fraud, (3) To Set Aside Property Sale, (4) To Void/Cancel Trust Deed Upon Sale, (5) To*

8  *Void/Cancel Assignment of Trust Deed, (6) Wrongful/Unlawful Foreclosure, (7) Breach of*

9  *Implied Covenant of Good Faith and Fair Dealing, (8) Unjust Enrichment, (9) Quiet Title, (10)*

10 *Slander of Title, (11) Violation of RICO Laws, (12) Violations of TILA Laws, (13) Violations of*

11 *RESPA Laws, (14) Violations of HERA Laws, (15) Violations of HOEPA Laws, (16) Violations*

12 *of Due Process* is a true and correct to the best of my knowledge and belief.

13

14 This the 4th day of November, 2010.

15

16

17

18                                                    Syretta Dickson, Plaintiff

19 Sworn to and subscribed
20 before me this, the 4th
   day of November 2010.
21

22
   Notary Public
23 My Commission Expires: 2/20/12
24

