ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 0 5 2010

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Syretta Dickson, | § |
| Plaintiff, | § Civil Action File Number: |
| v. | § |
| Homeowner Mortgage of America Inc., Inc. | § **1:10-CV-3615** |
| and CitiMortgage Inc. and | § |
| All Persons Unknown, Claiming | §MOTION TO STAY ENFORCEMENT |
| Any Legal Or Equitable Right, Title, Estate, | § AND MOTION FOR TEMPORARY |
| Lien, Or Interest In the Property described | §JUNCTION |
| In The Complaint Adverse To Plaintiff | § |
| Title, Or Any Cloud On Plaintiff's Title | § |
| Thereto; and Does 1-20, inclusive, | § |
| Defendants. | § |

RWS

**COMES NOW PLAINTIFF** Syretta Dickson pursuant to the provisions of Rule 65. Injunctions and Restraining Orders and OCGA § 16-14-4 and 16-14-6 and moves the Court for Stay or Injunction, and shows this Honorable Court the following:

1.      The State the defendant is set to foreclose on the plaintiff's property on the Superior Court steps on November 2, 2010.

### SERIOUS ISSUES TO BE TRIED
2.      On or about August 23, 2005 plaintiff agreed to buy and defendants entered an agreement for the sale and loans of property at 146 Orchard Hill Drive, Ellenwood Ga. 30294.

### LACK OF STANDING
3.      Secondly, the Defendant, Concorde Acceptance Corporation Inc. and HSBC Mortgage Services Inc. indicates they have the right to foreclose against the Plaintiff but have not shown or otherwise demonstrated that they are a party in interest or that they have standing to bring the instant action.
        a.Defendant Lacks Standing to Pursue Foreclosure Action
        (1) The Defendant, Concorde Acceptance Corporation Inc. and HSBC Mortgage Services Inc. filed suit against the Plaintiff for mortgage foreclosure.
        (2) There has been an assumption by the Court that Defendant holds the Note and Mortgage required in this action.
        (3) The Mortgage referred to in Defendant's complaint was not issued to or by the Defendant.
        (4) In order to recover on a promissory note, the Defendant must prove:
        (a) The existence of the note in question;
        (b) That the party sued signed the note;
        (c) That the Defendant is the owner or holder of the note in due course; and
        (d) That a certain balance is due and owing on the note.
OCGA 18-2-46 indicates, ""At the time of signing the deed of assignment provided for in Code Section 18-2-43, the person or firm making an assignment or the officer acting for the

corporation making an assignment shall make an affidavit which shall be annexed to such assignment, and which affidavit shall state that:

(1)The assignment conveys all property held, claimed, or owned by the assignor at the time of making the assignment;

(2) All recitals and all estimates of totals and values therein and all list of creditors are true to the best of his knowledge and belief;

(3) The debts set out as due to the preferred creditors are bona fide just, due, and unpaid; and

(4) The assignment is not made for the purpose of hindering, delaying, or defrauding creditors."

(5) There is no evidence of an assignment from the real party in interest to the Defendant attached to the complaint with regard to the mortgage and Defendant failed to attach a copy of the note.

(6) Defendant has not produced an assignment, nor is there any evidence of an assignment recorded in the public records.

(7) The Defendant has failed to establish in any of its pleadings or filings it owned or held the mortgage or the note at the commencement of this action. Unless Defendant establishes definitely that they are the owners of the mortgage or the note at the commencement of this action they are without a remedy in this action.

(8) Thus far on the record Defendant has proffered no proof that the Defendant ever held the mortgage and or took possession of the mortgage or note, which leaves Defendant with NO CLAIM OR RIGHT TO PROSECUTE THE FORECLOSURE.

(9) There is no proof that a proper chain of assignments took place between parties in interest nor were the lien positions of the parties properly perfected.

(10)Federal Courts in the Eleventh Circuit have ruled that the only way to prove the perfection of any security, including promissory notes, is by actual possession of the security. Current or prior possession must be proven. See Downing v. First National Bank of Lake City, 81 So.2d 486 (Fla. 1955); Figueredo v. Bank Espirito Santo, 537 So.2d 1113 (Fla. 3rd DCA 1989); Pastore-Borroto Development, Inc. v. Marevista Apartments, M.B., Inc., 596 So.2d 526 (Fla. 3rd DCA 1992); Nat'l. Loan Investors, L.P. v. Joymar Assocs., 767 So.2d 549, 551 (Fla. 3rd DCA 2000).

(11)"Only those who have standing to be heard in the judicial proceeding may participate in it." Byrom v. Gallagher, 578 So. 2d 715, 717 (Fla. 5th DCA 1991)

(12)One who does not have ownership, possession, or the right to possession of the mortgage and the obligation secured by it, may not foreclose the mortgage." 37 Fla. Jur. Mortgage and Deeds of Trust Sec. 240, citing In re: Shelter Development Group, Inc., 50 B.R. 588 (Bankr. S.D.Fla. 1985).

(13)Defendant attached to the complaint a mortgage identifying another as an entity that is not the Defendant, as the owner and holder of the mortgage. This document conflicts with the Defendant's allegations of material facts in the complaint as to ownership of the subject note and or mortgage.

(14)The Defendant's complaint fails to contain sufficient fact to establish who the Defendant is or the Defendant's relationship to the Plaintiff, or the Defendant's relationship or connection to the claim for foreclosure of a mortgage, including the failure to identify the date of the alleged assignment of the mortgage and note to the Defendant. The Defendant alleges it is the owner and holder of the subject note and mortgage. These allegations are directly conflicting

1   with the mortgage attached to the complaint, thereby rendering the complaint insufficient to
    identify who the Defendant is or what facts establish the standing of the Defendant to file and
2   prosecute this foreclosure.

3          (15)It has been settled beyond controversy that a national bank, under federal law being
    limited in its powers and capacity, cannot lend its credit by guaranteeing the debts of another.
    All such contracts entered into by its officers are ultra vires. Howard & Foster Co. v. Citizens
4   Nat'l Bank of Union, 133 SC 202, 130 SE 759 (1926)

5          (16)When exhibits are inconsistent with the Defendant's allegations of material facts as
    to the real party in interest, such allegations cancel each other out. Fladell v. Palm Beach County
6   Canvassing Board, 772 So.2d 1240 (Fla. 2000); Greenwald v. Triple D Properties, Inc., 424
    So.2d 185, 187 (Fla. 4th DCA 1983); Costa Bella Development Corp. v. Costa Development
7   Corp., 441 So.2d 1114 (Fla. 3rd DCA 1983).

8          (17) Any false representation of material facts made with knowledge of falsity and with
    intent that it shall be acted on by another in entering into a contract, and which is so acted upon,
9   constitutes 'fraud' and entitles party deceived to avoid contract or recover damages. Barnsdall
    Refining Corn v. Birnam Wood Oil Co. 92 F 26 817.

10         (18)It is the position of the Plaintiff that if the courts were to allow a Defendant to bring a
    cause of action in a scenario where the Defendant alleges that it owns a certain note and
11  mortgage but fails to provide any evidence to the courts that this, in fact true, the courts would
    open the door to incredible harm to any homeowner whose home is secured by a mortgage.
12
           (19)The Defendant in this action meets none of the aforementioned criteria. Because the
13  exhibits attached to Defendant's complaint are inconsistent with Defendant's allegations as to
    ownership of the subject promissory note and mortgage, Defendant has failed to establish itself
14  as the real party in interest and has failed to state a cause of action upon which relief can be
    granted by this Court.
15
           (20)Mortgage v. Salomon, 874 So.2d 680 (Fla 4th DCA 2004), which held a written
16  assignment executed after the complaint was filed may be valid if the lender could prove that
    there was a equitable assignment before the complaint was filed. The record in the instant case,
17  however, is devoid of any evidence of an equitable assignment and the existence of an equitable
    assignment is a factual issue to be determined at a hearing.
18
           b. Plaintiff have substantial proof of allegations regarding Civil RICO pursuant to RICO
19  Conspiracy, RICO Extortion, Violations of RESPA, Breach of contract, Breach of Fiduciary
    Duty, Common law Fraud, Constructive Fraud, Conspiracy and a claim of Quieting Title it is
20  prepared to go to trial and litigate which will demonstrate beyond a reasonable doubt the
    groundless claims Defendant has in the instant case.
21
                                            **CIVIL RICO**
22         (21)Plaintiff realleged and incorporate by reference all paragraphs above, as though fully
    set forth in this cause of action.
23
           (22)At all relevant times, the Plaintiff were "persons" within the meaning of RICO
    pursuant to OCGA 16-14-4 (a) and 16-14-5.
24
           (23)At all relevant times, Defendants and the Conspirators were each a "person" within
    the meaning of RICO pursuant to OCGA 16-14-4 (a) and 16-14-5.
25
           (24)At all relevant times, Defendants and the Conspirators formed an association-in-fact
26  for the purpose of defrauding the Plaintiff. This association-in-fact was an" enterprise" within
    the meaning of RICO pursuant to OCGA 16-14-3 (2) and 16-14-3.
27
           (25)At all relevant times, this enterprise was engaged in, and its activities affected,
28

interstate and foreign commerce, within the meaning of RICO pursuant to OCGA 16-14-3(2) and 16-14-3.

(25)Defendants and other Conspirators associated with this enterprise conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO pursuant to OCGA 16-14-3(2) through 16-14-15.

(26)At all relevant times, Defendants and the other Conspirators each were associated with the enterprise and agreed and conspired to violate OCGA 16-14-3(2) through 16-14-15, that is, agreed to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, in violation of OCGA 16-14-3(2) and 16-14-6.

(27)Defendants and the other Conspirators committed and caused to be committed a series of overt acts in furtherance of the Conspiracy and to affect the objects thereof, including but not limited to the acts set forth above and including repeated threats of foreclosure in an effort to deprive Plaintiff of their legal and beneficial interest in their homes or commercial property if they did not pay the unlawful loans that Defendants created for Plaintiff.

(28)As a result of Defendants' violations of OCGA 16-14-3(2) through-14-15, the Plaintiff have thousands of dollars in the fraudulent schemes Defendants created, organized, serviced, and continue to operate and run. The threat of imminent foreclosure is but one of the unlawful activities that Defendants engage in through a pattern of racketeering activity and the collection of unlawful debts.

(29)As a result of the Defendants actions and associations with an enterprise engaged in interstate and foreign commerce, Defendants are liable to the Plaintiff for their losses in an amount to be determined at trial.

(30)Pursuant to RICO pursuant to OCGA 16-14-3(2) and 16-14-6, the Plaintiff and the class members they represent are entitled to recover threefold their damages plus costs and attorneys' fees from Defendants.

(31)Plaintiff not only allege the requisite elements of a Georgia RICO violations against Defendants but presents specific proof that Defendants through a pattern of racketeering activity did so. The requisite predicate acts are delineated pursuant to a *certified forensic audit* demonstrating a "pattern of racketeering activity" under OCGA 16-14-3(2) and 16-14-3. The complaint further alleges that these offenses were not committed as an occasional practice, but were a part of a systematic and ongoing pattern over a number of years concealed by a scheme of subterfuge and intimidation. The Plaintiff also charges the Defendants with criminally operating with coconspirators for pecuniary gain by fraud and misrepresentation, conversion of funds provided by the acquisition of real estate with the proceeds.

"The Georgia statute requires the interconnectedness not contained in the wording of its federal counterpart. Because of this difference, our legislature intended to and did, by virtue of OCGA 16-14-4 (a) and 16-14-3 (2), [make] subject to the coverage of our RICO statute two crimes, included in the statute as designated predicate acts, which are part of the same scheme, without the added burden of showing that defendant would continue the conduct or had been guilty of like conduct before the incidents charged as a RICO violation. <u>Dover v. State</u>, 192 Ga. App. 429 (1) (385 SE2d 417) (1989).

## COMMON LAW FRAUD - INDUCEMENT

(32)Plaintiff realleges and incorporates by reference all paragraphs above, as though fully

Plaintiff.

On the other hand Plaintiff being the aggrieved property owners of the property are presently are in the same position as Defendants with the exception that Plaintiff are in possession presently. Plaintiff merely want to possess the property and maintain the status quo as opposed to uproot their business/family to a party with no standing or cause of action.

Plaintiff present to the court that in the first instance unless Defendant demonstrates to the Court within a reasonable degree of certainty that they have standing and are a party in interest that if the present injunction issue it becomes permanent as against the Defendants.

**WHEREFORE**, Plaintiff prays for the following:

(a) That the Court issue a temporary restraining order prohibiting Defendant from possessing any of Plaintiff's properties;

(b) That the Court issues a Stay prohibiting Defendant from proceeding in any manner on the instant case until a trial on the merits;

(c) That the Court issue a temporary restraining order prohibiting a Sheriff of any county from dispossessing Plaintiff's of any of Plaintiff's properties;

(d) That the court set down at the earliest possible time a hearing on an interlocutory injunction in this cause;

(e) That upon said hearing in this causes that the Court issue an interlocutory injunction prohibiting Defendant from dispossessing Plaintiff's of any of Plaintiff's properties;

(f) That an order issue for stay of enforcement of Defendant's order pending a final determination on the merits of Plaintiff's appeal

(g) That an order issue for a trial on the merits of the case;

(h) That upon a final hearing in this cause, that said interlocutory injunction be made permanent;

(i) That Court give any further relief it deems just.

Respectfully submitted this the 5th day of November 2010.

James E. Watkins
Attorney for Plaintiff
Georgia Bar Number 740430

105 Jonesboro Street
McDonough, GA 30253
(678) 583-8551 Office

**STATE OF GEORGIA**
**COUNTY OF HENRY**
**VERIFICATION**

Personally appeared before me an officer duly authorized to administer oaths came Syretta Dickson who states under oath that he is the Plaintiff named in the above and foregoing Motion and Pleading and that the facts contained within said Motion for Injunction are true and correct.

Syretta Dickson
Plaintiff

Sworn to and subscribed before me
this _____ day of _November_ 2010.

Notary Public
Commission Expires: 2/20/2012

