**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SYRETTA DICKSON, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:10-CV-3615-RWS
HOMEOWNER MORTGAGE OF :
AMERICA, INC., et al., :
:
    Defendants. :

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Relief from All Judgments ("Pl.'s Mot.") [18]. After reviewing the record, the Court hereby **DENIES** the motion for the following reasons:

Plaintiff, at all times represented by counsel, filed the Complaint in this case on November 5, 2010. (Dkt. [1].) Defendant CitiMortgage filed an Answer (Dkt. [4]) and subsequently a Motion to Dismiss (Dkt. [12]), to which Plaintiff failed to file a response. The Court granted Defendant CitiMortgage's Motion to Dismiss and ordered Plaintiff to show good cause as to why Defendant Homeowner Mortgage of America, Inc. should not be dismissed for lack of service, pursuant to Federal Rule of Civil Procedure ("Rule") 4(m).

(Order, Dkt. [14].) Plaintiff failed to file any response, and the Court accordingly dismissed Defendant Homeowner Mortgage of America, Inc. pursuant to Rule 4(m). (Order, Dkt. [16].) The case was closed on May 31, 2011, and the Clerk's Judgment was entered against Plaintiff on June 1, 2011 (Dkt. [17]).

Plaintiff now seeks relief from the Court's Orders and the Clerk's Judgment pursuant to Rule 60(b), which governs the grounds on which the Court may relieve a party from a final judgment or order. Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

2

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff contends that relief is warranted in this case on each of the grounds set out in Rule 60(b), in particular, "excusable neglect" and "newly discovered evidence." (See generally Pl.'s Mot., Dkt. [18].)

Plaintiff alleges that relief is warranted on grounds of excusable neglect based on the allegation that Plaintiff's counsel did not receive notice of any of the submissions filed by Defendants and therefore was "unfairly surprised." (Id. at 5-6 of 22.) Plaintiff appears to allege that Plaintiff's counsel did not receive notice of any Court filings because the Court and/or the Clerk's Office was "going through a change in their email system which may have been a part of the lack of notice." (Id. at 10 of 22.) Plaintiff alleges that Plaintiff's counsel's email address is "jpwatkins@yahoo.com" but that the email registered with the Court was "james_watkins21@yahoo.com." (Id. at 15 of 22 ("My email attached to this case is james_watkins21@yahoo.com and as not changed in the past year and is registered with the court as my official email.").) Thus, Plaintiff's argument appears to be that her counsel received no notice of any filings in the case due to the fact that the email address on record for Plaintiff's counsel was incorrect. This, Plaintiff contends, constitutes excusable

3

neglect for failing to respond to the Motion to Dismiss and allowing entry of a final judgment in favor of Defendants.

Little discussion is required to explain the Court's conclusion that Plaintiff has failed to show excusable neglect warranting relief from the Court's orders and Clerk's Judgment. First, Plaintiff's counsel bears the burden of ensuring that the Court has the correct contact information for counsel at all times during the litigation. If Plaintiff's counsel's email address changed during this proceeding, it was incumbent upon Plaintiff's counsel to notify the Court of that change. Any lack of notice that counsel may have experienced due to his own failure to update his contact information with the Court is solely the fault of counsel and does not constitute excusable neglect for Plaintiff's failure to participate in this litigation.

Furthermore, wholly apart from the argument regarding Plaintiff's counsel's email address, Plaintiff cannot show excusable neglect for failing to check the Court's docket to see if any motions or other submissions had been filed in response to her Complaint. It appears that Plaintiff took no action whatsoever in the eleven months that passed between the filing of her Complaint and her instant motion for relief. This complete failure to participate

4

in Plaintiff's own case does not constitute "excusable neglect."

Plaintiff also argues that relief from the Court's orders and the Clerk's entry of Final Judgment is warranted on grounds of "newly discovered evidence." (Id. at 6-8 of 22.) Plaintiff argues that after final judgment was entered, Plaintiff discovered evidence that "the Defendant has committed Robo signing," which evidence Plaintiff claims to have attached to her motion as "Exhibit 1." (Id. at 7 of 22.) Wholly apart from the question of whether allegations of "robo signing" can give rise to a claim for relief,[1] there is no "Exhibit 1" to Plaintiff's Motion, and Plaintiff otherwise has failed to show the Court any newly-discovered evidence that plausibly could warrant relief from the Court's prior orders. This argument thus plainly fails.

In sum, the Court finds that Plaintiff utterly has failed to show that relief is appropriate on grounds of "excusable neglect" or "newly discovered evidence," or on any other ground for relief contemplated by Rule 60(b). Accordingly, Plaintiff's Motion for Relief from All Judgments [18] is hereby **DENIED**.

---

[1] See, e.g., Reynolds v. JPMorgan Chase Bank, N.A., No. 5:11-CV-311 (MTT), 2011 WL 5835925, at *3 (M.D. Ga. Nov. 11, 2011) (dismissing claims for "robo signing" "because there is no such cause of action in Georgia.").

**SO ORDERED**, this  5th  day of June, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

6